UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11813-RGS

JULIA DIXON

v.

TUFTS MEDICAL CENTER

MEMORANDUM AND ORDER

November 9 , 2021

On November 8, 2021, the court received a letter from Julia Dixon ("Dixon") dated October 29, 2021. In her letter, Dixon states that she was forcibly admitted to the psychiatric facility at Tufts Medical Center ("Tufts"). Dixon "strongly requests [a] Judge to intervene [and order the] release [of] Julia Dixon from Tufts."

Although it is unclear why Dixon was admitted to Tufts Medical Center, the court construes her letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In relevant part, 28 U.S.C. § 2241 provides that a writ of habeas corpus is available to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the

Before a federal court may consider a habeas petition filed by a person confined by a state, the person must exhaust the remedies available to the person in state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) ("In recognition of the state courts' important role in protecting constitutional rights, the exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application.").

Massachusetts' statutory framework for civil commitments is found in Chapter 123 of the Massachusetts General Laws.  Section 12 provides for an involuntary three-day commitment of persons with mental illness in certain circumstances and is the "primary route" for the involuntary civil commitment of an individual. *Pembroke Hospital v. D.L.*, 122 N.E.3d 1058, 1061, 482 Mass. 346, 347 (Mass., 2019) (citing *Guardianship of Doe*, 391 Mass. 614, 621, 463 N.E.2d 339 (1984)).  Massachusetts law allows an

---

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face..."). "[T]he § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

individual to seek judicial review of an involuntary admission determination in state court by requesting an emergency hearing in a district court for the Commonwealth if she has reason to believe that the admission is the result of an "abuse or misuse" of G. L. c. 123, § 12 (b). *Id.* at 1062 (citing *Newton-Wellesley Hosp. v. Magrini*, 451 Mass. 777, 784 (2008)). Such individual is also entitled to legal representation. *Id.*

Here, Dixon seeks judicial review in this federal court rather than the appropriate state district court. Because Dixon has not exhausted her state court remedies, any request for habeas relief in this federal court is subject to dismissal for failure to exhaust.

## ORDER

For the foregoing reasons, this action, construed pursuant to 28 U.S.C. § 2241, is DISMISSED without prejudice for failure to exhaust state court remedies.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE